IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN R. ROBERTS,

    Plaintiff,               No. CIV S-09-2126 KJM P

    vs.

M. MARTEL, et al.,             ORDER AND

    Defendants.          FINDINGS AND RECOMMENDATIONS

/

         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis.

         A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. Minetti v. Port of Seattle, 152 F.3d 1113 (9th Cir. 1998).

         Plaintiff alleges that several John Doe defendants lost his personal property when he was transferred from California Men's Colony to the California Rehabilitation Center and then to the California Institution for Men. He also alleges that the appeals coordinator at Sierra Conservation Center and the Chief of the Inmate Appeals Branch mishandled his grievances about his lost property.

         Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451

1

1  U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), <u>overruled in part
2  on other grounds,</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31(1986); <u>Hudson v. Palmer</u>, 468 U.S.
3  517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate
4  state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
5  sufficient procedural due process.  <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 128 (1990).  California
6  law provides such an adequate post-deprivation remedy.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813,
7  816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

8             In addition, the manner in which a grievance is processed does not raise
9  constitutional concerns.  <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v.
10  Adams</u>, 846 F.2d 589 (9th Cir. 1988) (no right to a grievance procedure).

11             Accordingly, the action fails to state a claim under the civil rights act.

12             IT IS THEREFORE ORDERED that:

13             1.  Plaintiff's request to proceed in forma pauperis (docket no. 2) is denied; and

14             2.  The Clerk of the Court is directed to assign a district judge to this action.

15             IT IS HEREBY RECOMMENDED that this action be dismissed.

16             These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18  days after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties.  Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21  shall be served and filed within ten days after service of the objections.  The parties are advised
22  that failure to file objections within the specified time may waive the right to appeal the District
23  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: October 1, 2009.

25  2/robe2126.57

_____
U.S. MAGISTRATE JUDGE